Neil Katsuyama v. Brusco Tug & Barge, Inc. Well, let me ask this. As I read the dispute resolution provisions, it seems to speak primarily to a process between the union and the employer, that the grievance process gets initiated by someone from the union, a steward or an authorized union representative. The employer has to respond in writing. And if that process doesn't resolve the issue, then the union or the employer can demand arbitration. None of this language seems to indicate that, one, that the employee, that Mr. Miles, could ever ask for arbitration, or two, that he would be compelled to participate in arbitration if the union never filed a grievance. So as a threshold question, do we even have an agreement to arbitrate between the parties? Well, Your Honor, I think that I was trying to get at by pointing out to the 2502 section, which essentially says if they have not participated in the grievance procedure, if they have not sent something right to the employer, they've waived it. So I think that's a threshold issue the plaintiff needs to overcome as to why it wasn't waived at the outset. I think it also— I guess I would—let me just follow up. It says in 25.10, failure of the union to comply. If there's any failure by the union or the employees to comply with any of the time requirements, then the agreement is canceled. It shall constitute a material breach of this agreement and shall then cancel this agreement until the dispute has been settled. So if no grievance was ever initiated and the agreement is then canceled, how can there be a requirement to arbitrate something that's been canceled? Well, and, Your Honor, I think this relates to kind of the bigger point as to— that section is also—there's a tension. I think it contradicts the argument the plaintiff is making about we should file a section 301 petition. I think if the consequences of noncompliance are already addressed in the agreement itself, both the waiver provision and the 25.10 section Your Honor pointed out, then I think invoking a 301 petition doesn't— essentially, why file a 301 petition, Your Honor, if the agreement already covers or already contemplates what happens in the events of noncompliance. And I think that's a key distinction with the Knutson case that plaintiffs relied upon heavily. But setting aside 301, if you don't have an agreement to arbitrate between Mr. Miles and your client, then that's the end of the deal, isn't it? There's no—you can't enforce an agreement to arbitrate when none exists. Well, Your Honor, I guess I would just go back to my earlier point, which is that clearly the union was negotiating on behalf of the plaintiff. Certainly, it's negotiating in the shoes of or on behalf of many of these workers. And so I think if they're not bound by it, Your Honor, then we have a great many problems because this agreement is— So what would be your best case for the proposition that an arbitration agreement that binds the union and the employer also binds an employee to arbitration? What authority would you rely on in support of that point? I guess I can't set a case off time ahead, Your Honor, but certainly just the notion that I thought there was no dispute between the employer-employee, that they are both bound on ways to— for compensation, for vacation time, for all kinds of rights that they may have in this employment relationship. It would be strange, I suppose, Your Honor, if that dictates the employer-employee relationship in basically all other regards, and yet in the one area of arbitration for that to be null and void would seem to contradict the point of a union negotiation. The whole point is that they're on behalf of workers, Your Honor. You mentioned Knutson, right? Yes, Your Honor. So Knutson v. KTLE seems to—it's a state appellate decision. And I understand this is under the Section 301 of the Labor Management Relations Act, but the court there found that because there had not been an express agreement to arbitrate any disputes between an employee and the employer, there was no agreement to arbitrate by the employee or by any of the employee because that collective bargaining agreement expressly stated that only the union and the defendant may require arbitration of other party. And it didn't grant a union member the power to compel an employee to arbitrate. So that's where my questioning is getting at. If Knutson suggests that there's not an agreement to arbitrate between an employee when the collective bargaining agreement is framed as union and employer only, where's your authority to bind Mr. Miles here? Right, Your Honor. I guess in the Knutson case I would just point out that the steps one and two do talk about the employee having the right to start the agreements process. I acknowledge that the employee is not specifically named in the later steps, but the fact that the employee is identified in steps one and two seems to imply at least that they must have some role in step three, which is the arbitration clause, Your Honor. But that's not here, right? Yes, Your Honor. As the initial step, it shall be presented in writing to the employer by the steward or an authorized union representative. So the initiation of the grievance process does not come from the employee. It still comes from the union or a union rep. Which, again, Your Honor, I think this goes to the tension of plaintiff's position of asking us to do a 301 petition to compel the plaintiff. I think exactly what you're saying, it's what exactly would be compelling plaintiff to do in an agreement where the individual employee is not identified or named in the, I think it's the 25, section 25 of dispute resolution portions. Do you understand, Mr. Miles, to have presented an argument that he is not bound by the CBA and that its arbitration clause just doesn't apply to him? Not that I recall, Your Honor. Although, yes, not that I recall having reviewed the briefs lately, Your Honor. If I could just highlight one of the differences with the Knutson case, the footnote one in that case explains, going back to the waiver, that the waiver in that one says if the grievance is not presented in writing in 60 days, then the violation shall not be processed under or be subject to this procedure. I think that's a key distinction from the agreement here, which calls for the waiver if the plaintiff or union does not get a waiver. So I'd just like to highlight that distinction as well as to why the section 301 argument doesn't make sense in this agreement compared to the Knutson case. Could you address the rule of right against universal maritime service and then I think there's a California equivalent that in order to arbitrate a statutory claim, there has to be some clear and unmistakable agreement. And here we have a clause that doesn't say anything about statutory claims. So why should we read it to apply to Miles' California statutory claims? Right. Your Honor, I don't. I may have to concede that point, Your Honor. I'm not seeing the list of statutory claims specifically listed, at least in the 2009 agreement. I'm sorry. Go ahead, Your Honor. I was just noting that I think you wanted to reserve some time. Yes, Your Honor, unless you have further questions. Okay. You may. Thank you. Thank you, Your Honor. Ms. Bogakis? Yes. Good morning, Your Honors, and may it please the Court. My name is Christina Bogakis, and I represent Frank Miles, a plaintiff and appellee in this matter. Frank Miles filed a complaint in 2018 against his former employer, Brusco Tug & Barge, alleging statutory violations of the California Labor Code. Two years later, Brusco filed a motion to compel arbitration based on a provision within a collective bargaining agreement between Brusco and the International Organization of Masters, Mates, and Pilots Pacific Maritime Region, the union to which Mr. Miles belonged during the course of his employment with Brusco. The lower court properly denied the motion to compel arbitration for three reasons. First, as the lower court directly recognized in its order, Brusco forfeited its right to compel arbitration by failing to follow the grievance procedure identified in the arbitration provision of the CBA. Second, Brusco acted inconsistent with the intent to enforce an arbitration agreement for two years and in direct opposition to the fundamental purpose behind arbitration. Third, and although not addressed by the lower court, the arbitration provision of the CBA does not apply to Frank Miles' claims because the general language does not include a clear and unmistakable waiver of Mr. Miles' right to a judicial forum to bring his statutory claims under the California Labor Code. Turning to my first point, the court correctly applied the Knutson v. KTLA ruling in its determination that Brusco forfeited the right to compel arbitration when it failed to enforce any other steps identified in the grievance procedure within the CBA. In its opening, please. Justice, can I ask? I'm a little confused. Is there a Section 301 claim issue in this case? In other words, Knutson related to a claim trying to seek enforcement of dispute resolution procedures under the Labor Management Relations Act. Is there that type of issue in this case as well? I believe so, Your Honor. How so? As I understand it, he was filing suit in state court under wage and hour claims and business and professions code, and defendant is trying to move to arbitrate those claims. Where is the Section 301 issue coming up, if you can enlighten me? It's my understanding that that's just a contention by the defendant, and it's something that we don't believe applies, but it's an argument that we're making against defendant's contention that there is a 301 issue. Okay. And do you have a view as to whether the collective bargaining agreement, which discusses the union and the employer in a grievance process and arbitration between those two parties, whether that binds an employee like Mr. Miles? So in connection with these claims, we do not believe it binds the employee. Again, as Your Honor mentioned, it does not include a clear and unmistakable waiver of his ability to bring these statutory claims to a judicial forum. But that's because of the special rule for statutory claims. You're not making the more general argument that it only applies as between the union and the employer and it doesn't apply to a member of the union, are you? Not specifically, although it is a point that we address that is identified in appellant's brief that the only way to enforce this grievance procedure was through the union. And I guess sort of continuing in the theme of issues that maybe haven't been discussed very much, did you have a view on Section 1 of the FAA and whether the FAA applies here at all? It did not address that in our briefing, and it wasn't raised in the lower court's decision, so I do not at this time. Okay. I guess I have a more clarifying question. Maybe that is somewhere in the record that I just didn't find. Is there something in the record indicating whether or not Mr. Miles is considered a seaman? I don't believe so, although he is specifically named in the CBA. All right. Thank you. Didn't I see something in the record that he works as a deck engineer and he's responsible for the machinery and maintenance of the vessels? Yes, that is correct. So that would make him a seaman, wouldn't it, if that were the case? And that was my question. That is possible. That was my question because I did read that, but I wasn't clear that the record indicating whether he just works there when they're docked or whether when they were at sea, that was not clear on the record. Okay. That is something that I'm happy to provide additional briefing on, but I do not have an answer at this time. Okay. Thank you, counsel. Okay. As we were discussing, I would like to address a point that was made by a client. Appellant acknowledges in its brief at page 24, That Frank miles is incapable of initiating an agreement. Arbitration process. And then because he left his employment with Brusco. At the time of his claims quote, there was no mechanism to force miles to first provide Briscoe with the complaint in writing. For Bruce go to reply and, And then again, when the complaint was served on Briscoe in 2018. Based on the inability for miles to participate in the grievance procedure as drafted. Okay. And then Briscoe further acknowledges that. Well, any action to enforce the agreement under section 301 would therefore have had to be filed against the union and not miles. Appellant therefore acknowledges in its brief that the provision relied upon to compel arbitration and its initial motion must be filed against the union. Not miles. Despite such, whether the, the employee was identified. And step one of the grievance process as a nuisance does not change the fact that Briscoe failed to enforce the remaining steps. One through three in the grievance process as analyzed by the news in court and the honorable Troy Nunley and his decision to deny. Briscoe's motion to compel arbitration. Turning to my second point, Briscoe failed to act consistent with the intent to arbitrary. And engaged in dilatory procedural tactics, which contradict the fundamental purpose of arbitration. The ninth circuit in Van Ness townhouses, the Mar industry's court found that a party's extended silence. And delay in moving for arbitration may indicate a conscious decision to continue to seek judicial judgment. On the merits of the arbitral claims, which would be inconsistent with the right to arbitrate here. The weren't the parties wait, weren't the parties waiting for the court to rule on the motion to remand. Wasn't that the bulk of the delay that was occasioned here? Yes. And that is the reasoning used by the defendant, but emotion to remand does not. Say any proceedings. There was no. Motion to say proceedings filed by either party, which would have prevented. Briscoe from filing a motion to compel arbitration. But how would Briscoe, how would Briscoe know which court to file its motion for arbitration with until that issue had been resolved? Because suppose the district court decides to remand it. Wouldn't Briscoe then need to file it in state court instead of federal court. Sure. But Briscoe filed the removal with the understanding that the federal court had jurisdiction. And so they could have filed a motion to compel arbitration. While plaintiff filed a motion to remand that didn't change Briscoe's. Beliefs of the federal court had jurisdiction over the matter. They could have filed a motion to compel arbitration. And the two motions could have been decided. Concurrently. They chose not to file anything or raise. The arbitration agreement at all for nearly two years until after. The motion to remand was decided. And so they could have filed something concurrently with the motion to  But they didn't even three months past that time. So you're not arguing that they were dilatory because of the three months. Delay from the ruling. It was that they should have filed something concurrently with the motion to remand. Or at any point before that, again, they received. Initial notice of plaintiffs. In writing in December, 2017. Prior to filing. His complaint in state court at that point as one of the two signatories on the collective bargaining agreement. Neither of whom are Frank miles. Briscoe could have involved the union to enforce each step of the grievance process. They did not do so. When. What was actually happening while the motion to remand was pending. Nothing was happening. Okay. So. How, I mean. I understand the argument of, you know, waiver through, you know, actual litigation conduct where you're. Taking depositions or, you know, doing things that would be inconsistent with, with going to arbitration. But if nothing's happening. How are you prejudiced by, by the delay in filing the motion? Well, at this point. We have engaged in extensive motion practice. We have been prevented from conducting. During the year. During the year when the motion to remand was pending. And nothing's happening. Like if. I guess my question is. How would it be? How would anyone have been better off if they had, you know, Filed. The, the motion to compel arbitration. And it was also just sitting there with nothing happening on it for a It doesn't seem like that would have made any difference. Right. Again, there was. No say of proceedings at this time. As a practical matter, there were, I think you just said there. Not actually any proceedings to stay. Right. It's just, everything's just sitting there waiting for a ruling. Correct. But that doesn't change the fact that they. They contended that the. Federal court had jurisdiction over the case. They could have compelled. They could have served discovery at this time, even though. We contended that there. There was no jurisdiction. It should have been in state court. They just did nothing. And again, going back to. The. The case. Van Ness townhouses. Industry's court. The extended silence and delays in moving to compel arbitration. Is inconsistent with the right to arbitrary. But that case. That didn't, that case didn't involve a pending. Court ruling. Did it. Right. But I. At any point. When plaintiff's complaint was filed September, 2018. When they filed an answer in 2018. In October 25th, 2018, when they were moved to October 26th, 2018. At any of these. Points. They could have filed a motion to compel arbitration. Even after a motion to remand is filed. That doesn't prevent them from. Filing a motion to compel arbitration. And then it was only. In March 9th, 2020. Two years after this complaint is filed, did they suddenly. Reach out and say, Hey, we have this. Arbitration provision that we've had in our possession since 2017. Before litigation even commenced. And that is a significant delay on their part. And it. Has prejudice. It has prejudice against. My client and his ability to. Resolve his claims, obtain discovery in a case. It's now five years old. And it again, directly contradicts the fundamental purpose of arbitration. Arbitration is meant to be a streamlined procedure. Simple, quick and efficient method to resolve these types of controversies. They waited roughly. 842 days from its initial notice of plaintiff's claims to seek to compel an arbitration provision. That's been known. To Briscoe and its council from the outset of litigation. It's caused again, significant motion practice. It's a clear purposeful delay to all proceedings. And it again goes against the fundamental purpose of arbitration. And turning to my final point quickly, appellant sites to 14 pen. Plaza LLC. The pilot to argue that federal law requires employees covered by collective bargaining agreement. To arbitrate any disputes. Again, this. Mistakes the findings of the court, the Supreme court. Held that an agreement to arbitrate statutory anti-discrimination claims must be explicitly stated. In the CBA. It is not explicitly stated in this. Arbitration provision that Mr. Miles is statutory California labor code claims. Would be. Covered by the CBA. And for these reasons, Frank miles respectfully requests this court affirm the ruling of the lower court. Denying. Appellants motion to compel arbitration and allow this case to proceed to trial in accordance with the decision of the trial court. I'd be happy to answer any additional questions that the panel may have, but if not, I will yield the remainder of my time. Thank you. Mr. Katsuyama. You have. I think about four minutes left. Yes. Your honor. If I could just briefly address some of the questions I think we're pending. Actually, Mr. Katsuyama. One question I do have, which was her. Her last point. Ms. Last point, which is what in the CBA. Indicates that there is a clear and unmistakable waiver. To bring statutory claims. Can you point to that? For me, what section specifically. Right. Your honor. I think the best section we have is 17. Oh, four. The coverage of dispute. I don't. Argue or deny that. Specific statutes are not listed in that, but that is the section that the defendant relied upon. So you can see that point. Your honor. I guess I don't see. Elsewhere in the CBA at the moment. Where other statutes are specifically identified. All right. Thank you. Your honor. I want to answer one question. Okay. There's a question about whether miles would be subject to the CBAs. I just wanted to point out on. Section 15. Point zero one. Mr. Miles is specifically named in the CBA. This is on page one 15 of docket entry seven. In fact, it actually has provision. That Mr. Miles and two other employees. We're guaranteed 80 hours of work per month. So there is a specific. Provision and also specific guarantees that are provided for Mr. Miles. I think. So they can't have his cake and eat it too. He needs to either acknowledge that he's entitled some guarantees in this agreement and that he's a party to it. But I think he can have it both ways and try and pretend. He's not subject to the arbitration clauses. So you're. If I understand correctly, because he. Get some benefits in the contract. He is necessarily. Included in the arbitration agreement. Regardless of what the arbitration agreement might say itself. Well, your honor, I think this is on top of what the point I was making earlier, which is. I don't think it's disputed that the union was representing and acting on behalf of all these employees. And in addition to the fact that union is actually in that capacity. Mr. Miles is also individually named. And I think taken together. I think it would be difficult for Mr. Miles to say the union was not negotiating on his behalf or that he wasn't. Specifically being the subject of this union agreement. I guess what I would grant you is this. That it seems like the collective bargaining agreement indicates that if a grievance is not resolved. Either the employer or the union can demand arbitration. And in that arbitration. An employee has to participate then. Right. That's in 25. I think. But I guess. But the novel question is. You know where there's been no grievance process initiated. At least or, or no ability by the employee to initiate it. Does that then bind the employee? In an arbitration agreement that never advanced through the grievance process. I think that seems to be the issue that's at, that's at play. Or one of the issues at that play in this case. I agree your honor. And I think that's one of the key issues. And we're talking about waiver and forfeiture. And really the question is who had the duty to act. You know, plaintiff's been taking the position. It was employers duty to act by filing a 301 petition. I think your honor stayed our position, which is that either the plaintiff or the union ball was in their court, so to speak, which is to initiate grievance. Or as I mentioned, 25 or two says they waive it. So that's even more reason why. The employer is not under any duty at all. In fact, the 25 or two provision. So just, they not do anything. Because if the union does not take prompt action, the claims are waived. So it seems reasonably, how can they relinquish a right? When the contract expressly provides for a waiver based on the delay of the plaintiff or the union. I understand. Okay. The only other point I want to make your honor, the demand letter plaintiff's council reference to December, 2017. I just want to highlight that is more than 30 days after the alleged aggrieved events occurred. So if we were looking at 25 or two, that is outside the time when they're supposed to have submitted a written grievance, your honor. Thank you very much. Thank you both counsel. And the case is submitted.
judges: MILLER, SANCHEZ, UNKNOWN